## STANSBURY v. KOSS et al.

District Court, S. D. New York.
Dec. 24, 1931.

Supplemental Opinion Dec. 28, 1931.

478

Arthur Garfield Hays, of New York City (Samuel Untermyer, Eugene Untermyer, and T. Raymond St. John, all of New York City, and Winfield P. Jones, of Atlanta, Ga., of counsel), for complainant.

George Flint Warren, Jr., of New York City (Emory R. Buckner, John M. Harlan, and Henry J. Friendly, all of New York City, of counsel), for defendants.

Barry, Wainwright, Thacher & Symmers, of New York City, for American Society for the Prevention of Cruelty to Animals, amicus curiæ.

MACK, Circuit Judge.

Plaintiff, a citizen of Mississippi, filed her bill on September 28, 1931, against Charles G. Koss, Isabel G. Koss, and George Stanley Shirk, individually and as executors named in the alleged last will and testament of Ella V. von E. Wendel, deceased, and as temporary administrators of her estate. She alleged that she was the next of kin of the decedent and that she had been fraudulently induced by defendants to execute an agreement not to contest the alleged will

and, pursuant thereto, a formal waiver of citation and consent to probate. The prayer, in so far as it remains material in the light of plaintiff's subsequent limitation of the relief asked, is that the agreement and the consent and waiver be surrendered and canceled, and that defendants be enjoined from using them in connection with the probate of the will.

On the filing of the bill, an ex parte restraining order was granted; the motion for a temporary injunction was set for hearing three days later. By agreement, the matter was continued to a later date and was heard together with a motion filed by defendants on October 22, 1931, to dismiss the bill, or, in the alternative, to vacate the restraining order and to stay further proceedings pending final determination of the probate proceedings.

On September 25, 1931, three days prior to the date of the bill, defendants had filed a petition for probate in the Surrogate's Court of New York county, together with the agreement and the waiver and consent; on the same day, citation had issued to plaintiff and others returnable January 25, 1932. On September 28, 1931, plaintiff's attorney filed a notice in the probate proceedings asking service of a copy of the citation and all other notices and stating her intention to file a formal notice of appearance and to institute a proceeding for the cancellation of the agreement and waiver and consent. It does not affirmatively appear whether the notice was filed before or after this suit was begun on the same day; the statement of intention to institute just such a proceeding leads to the inference that the notice was first filed, but in his brief for plaintiff counsel states the contrary. It is unnecessary to detail the allegations of the bill or the affidavits of either party, in view of the conclusions of law that I have reached.

1. To establish that this court must refuse to assume jurisdiction herein defendants invoke the proposition that a federal court must dismiss a suit involving the same subject-matter as a suit in the nature of a suit in rem theretofore begun and pending in a state court. The principle relied upon is, however, not applicable in the present case. The instant suit involves only a single phase of the probate proceedings, a phase which, when isolated, reveals itself as a controversy traditionally resolved in a suit strictly in personam in equity. If it had been filed before the probate proceedings and while the document, executed pursuant

to the agreement, embodying the appearance, waiver, and consent was still in the hands of defendants, it would have been an ordinary suit in personam to determine the validity of the agreement and to enjoin the defendants from using the consent document because of the alleged fraud. Such a suit would be in no sense a probate proceeding or a part thereof because the agreement affects the probate of a will, or in the nature of an action in rem because cancellation or surrender is sought of a specific res, the appearance, waiver, and consent to probate. Probate proceedings are in rem; moreover, in this country they are within the exclusive jurisdiction of the state courts. But it is well settled that actions or suits in personam, though affecting or establishing rights against the estate, such as the claims of creditors or beneficiaries, and thus incidental to the probate proceedings, in which the judgments or decrees may have to be filed in order to share in the estate, are within the jurisdiction of the federal courts, if there be the essential diversity of citizenship. See Richle v. Margolies, 279 U. S. 218, 225, 226, 49 S. Ct. 310, 73 L. Ed. 669, and cases cited. Such a suit " 'neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law.' " Kline v. Burke Construction Co. (1922) 260 U. S. 226, 232, 43 S. Ct. 79, 82, 67 L. Ed. 226, 24 A. L. R. 1077; Waterman v. Canal-Louisiana Bank Co. (1909) 215 U. S. 33, 46, 30 S. Ct. 10, 54 L. Ed. 80; Wells Fargo & Co. v. Taylor (1920) 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205; Grubb v. Public Utilities Commission (1930) 281 U. S. 470, 476, 50 S. Ct. 374, 74 L. Ed. 972; · see Eddy v. Eddy, 168 F. 590, 598, 599 (C. C. A. 6, 1909).

■ 2. But for recent legislation (Surrogate's Court Act N. Y. § 40, see In re Cook's Will, 244 N. Y: 63, 154 N. E. 823, 55 A. L. R. 806), the Surrogate's Court would be without jurisdiction either in the probate proceedings or otherwise to determine the issues involved in this case. A suit invoking the general equity jurisdiction of either a state or a federal court to cancel the agreement would have been necessary; such a suit could have been brought either before or·after probate proceedings had been instituted.

That the Surrogate's Court has now acquired equity jurisdiction so as to enable it to determine the rights of the parties on the issues of this suit as effectively as could a state or federal court in equity does not in my judgment change the essential nature of the issues: a proceeding in the Surrogate's Court, whatever its form, to determine them, is not merged into the probate so as to become an integral part of it and thus to fall within the exclusive jurisdiction of the Surrogate. It remains in substance a separate and distinct suit in personam; as such, it falls within the jurisdiction of a court with general equity powers, whether federal or state, and as the filing of the document with the petition for probate would not have ousted the jurisdiction of a court of equity before the recent legislation, so, too, in my judgment, it does not now so operate. I hold, therefore, that the motion to dismiss the case for want of jurisdiction or of equity in a federal court must be denied.

■ 3. This court then has jurisdiction to· determine the rights of the parties and the validity of the documents. The important questions, however, are, How far can it go to make its findings effective? Can it enjoin defendants from using the waiver and consent document and thus from asserting in the Surrogate's Court that by virtue of the filing thereof with the petition plaintiff had appeared therein and had consented to the probate of the will?

If this controversy had arisen before equity jurisdiction was conferred on the Surrogate's Court, and if a suit like the instant suit had then been filed in the state Supreme Court, clearly that court could have stayed the probate proceedings until it should have determined the fraud issue, and if it found fraud, it could have permanently enjoined any use of the document. So, too, at the present time, the state Supreme Court could in its discretion give the same relief inasmuch as the grant of equity jurisdiction to the Surrogate's Court has not diminished. the equity jurisdiction of the Supreme Court.

A federal court, however, is subject to the very fundamental restrictions of Judicial Code, § 265 (28 U. S. C. § 379 [28 US CA § 379]). (See Warren, Federal & State Court Interference, 43 Harvard Law Review 345, for a careful and thorough study of the history of this act and a discussion of the cases.) It can adjudicate the rights of the parties under the agreement; but it cannot enjoin either the state court or the defendants from continuing the probate proceedings. "The federal court may therefore be obliged to deny an equitable remedy

which the plaintiff might have secured in a state court." Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 498, 43 S. Ct. 454, 456, 67 L. Ed. 763. The distinction between enjoining enforcement of a state court judgment or decree, and enjoining a pending proceeding in the state court directly, or indirectly by enjoining the parties thereto, is well established; the exceptions thereto other than those specified in the statute are based upon actual or potential control of a res. Kline v. Burke Construction Co., supra. See, too, generally, authorities and articles cited in Frankfurter & Katz, Cases on Fed. Jurisd. & Proc., especially p. 541, n. 1, and p. 549, n. 7.

I hold, therefore, that an injunction, temporary or permanent, cannot properly issue out of a federal court to enjoin the Surrogate's Court or the defendants herein from taking such steps as that court may deem proper, whether because of the appearance and consent filed therein before this suit was instituted, or because of plaintiff's notice of withdrawal thereof filed before or after the instant suit was begun.

 4. It is well settled that actions and suits in personam for the same relief may be brought and proceed simultaneously in the state and the federal courts; but under some circumstances, a federal court will not act in a pending suit until the state court having like jurisdiction shall have acted. See Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520. Defendants' alternative motion, addressed to the discretionary power of this court, presents the question of determining whether in the circumstances, this court, in the exercise of a sound judicial discretion, shall stay all further proceedings in this suit for the time being, inasmuch as similar relief can now be as effectively obtained in the Surrogate's Court as incidental and preliminary to the hearings on the probate of the will.

What the proper circumstances are for the exercise of this discretion has not been, and in the nature of things cannot be, definitely fixed. In the Langnes Case, the fact that the action in the state court was earlier and particularly the fact that 'in that court the plaintiff could of right demand a jury trial were perhaps decisive, and that too, despite the further fact that the federal proceeding was peculiarly and exclusively federal, a limitation of liability suit in admiralty, in which, by statutory exception to 28 U. S. C. § 379 (28 USCA § 379), (see Providence & N. Y. S. S. Co. v. Hill Mfg. Co.,

109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038, and Warren, supra, p. 367, n. 111), the federal court was empowered to enjoin the action in the state court. While plaintiff's assertion of a constitutional right, because of diversity of citizenship, to begin suit in the federal court is erroneous, Kline v. Burke Construction Co., supra, 260 U. S. 226, at page 233, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, Congress has given her a statutory right of recourse to the federal courts. The probate proceedings and the filing therein of the appearance, waiver, and consent, were, however, earlier in time; moreover, of her own volition and on the very day that she brought the instant suit, she appeared by attorney in the Surrogate's Court and gave notice of the withdrawal of her consent to probate. Whether or not that step could properly be deemed an invocation of that court's jurisdiction to determine the issues of fraud involved in this suit, I need not decide; clearly as a next step, when defendants offer the will for probate on the return day, and plaintiff, seeking to object, is met with her filed waiver and consent, she can raise the issue of the validity of the document and of the agreement and have them determined before probate. In re Cook's Will, supra.

While, as I have held, the filing of the document with the petition did not vest the Surrogate's Court with exclusive jurisdiction, in rem or otherwise, to determine the full legal effect of the document and of the agreement on which it was based, nevertheless, in my judgment, that determination is so vitally, even though not integrally, involved in and so akin to the very probate itself as to make it in any event highly desirable that all of the issues affecting it be determined by the court having the exclusive probate jurisdiction. The possibility of a serious conflict of jurisdiction, especially because of the restrictions imposed on this court by 28 U. S. C. § 379 (28 USCA § 379), and of conflicting determinations as to the exact effect of the filing of the papers with the petition for probate and of the notice filed by the plaintiff's attorney, to establish priority in time in the commencement of proceedings to determine the issues involved in the instant case, are thus averted. Plaintiff must, in any event, appear in the Surrogate's Court; the trial there of the issues in this case is similar in character to that in this court, even though different in form, and the hearing can be set down for at least as early a day there as here. Indeed, if the jurisdiction of the Surrogate's Court has

been or will properly be invoked by plaintiff, the questions raised in the instant suit must necessarily be determined before the hearing of the probate of the will.

The combination of these circumstances, in my opinion, at least justify, if they do not compel, the court to exercise its judicial discretion by staying further proceedings in the pending suit.

In view of the conclusions reached, I express no opinion whatsoever on the factual situation, that is to say, whether or not on the affidavits the plaintiff has made out such a prima facie case of fraud as would have justified a temporary injunction if the court had been empowered to grant it.

It is likewise unnecessary to consider the question of the jurisdiction of the New York as against the Westchester County Surrogate's Court; that is essentially a matter for the Surrogate's Court in which the petition was filed.

It is also unnecessary to determine the questions raised by the court affecting the status of plaintiff and her relationship to the decedent inasmuch as I am satisfied that in this respect she has made out a prima facie case.

For the reasons heretofore stated, I am constrained to dissolve the restraining order heretofore granted and to deny the motion for a temporary injunction. Defendants' motion to dismiss the bill for want of jurisdiction or want of equity because of the restrictions of 28 U. S. C. § 379 (28 USCA § 379), or otherwise, will be denied; defendants' alternative motion to stay further proceedings herein pending a determination in the Surrogate's Court of the plaintiff's rights in respect to the agreement and the appearance, consent, and waiver, and of her consequent right therein to object to the probate, will be granted.

Order may be settled on two days' notice.

### Supplemental Opinion.

Since the opinion was filed herein on December 24th, I have seen and examined the opinion of Judge Denison in Great North Woods Club v. Judge Raymond, 54 F.(2d) 1017, on petition of mandamus (C. C. A. decided December 19th, filed December 21, 1931).

That opinion confirms the result reached as to the jurisdiction of the court.

On the question of discretion, however, the instant case is to be distinguished from the Raymond Case in that there no question of the restrictions imposed by 28 U. S. C. § 379 (28 USCA § 379) was involved and the proceeding in the state court was entirely of the same character as that in the federal court; it was not tied up with probate or other exclusive state proceedings.