478 F.2d 181
 Christa Ruthe FAY, Plaintiff-Appellant,
v.
Thomas I. FITZGERALD, as Public Administrator of the County
of New York, as Administrator of the Goods, Chattels and
Credits of John Patrick Fay, also known as John P. Fay,
Deceased, Defendant-Appellee.
 No. 452, Docket 72-1817.
 United States Court of Appeals,
Second Circuit.
 Submitted Feb. 13, 1973.
Decided May 8, 1973.
 
 William G. Mulligan, New York City (Mulligan & Jacobson, New York City, of counsel), for plaintiff-appellant.
 Joseph T. Arenson, New York City (Waldemar J. Dittmar, Philip Bekerman, and Elias Karban, New York City, of counsel), for defendant-appellee.
 Before FRIENDLY, Chief Judge, OAKES, Circuit Judge, and DAVIS, Judge.*
 DAVIS, Judge:
 
 
 1
 John Patrick Fay, an elderly well-to-do resident of Manhattan, died abroad in 1972; he left no will and appellee, the Public Administrator of New York County, was designated by the Surrogate's Court as administrator of his estate. Appellant, Christa Ruthe Fay, a non-resident alien, made claim on appellee as the decedent's common-law widow, asserting that they were so married in Florida in 1960 when she was 23 and he 70. The other claimants to the estate were a resident of England who said she was the intestate's half-sister and three French residents claiming to be nieces. Invoking diversity jurisdiction, appellant began this action in 1972 against the Public Administrator for a declaratory judgment that she was Fay's wife, is his widow, and is entitled to the full estate (after expenses, debts and taxes). On the appellee's motion, the District Court dismissed the complaint in the exercise of discretion "not to entertain this claim for reasons of judicial economy and efficiency and because persons interested in these issues, but who cannot be made parties to this action, have been parties in the State Court proceeding where the same issues will be decided."
 
 
 2
 The Supreme Court has cautioned that "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power" (Public Service Commission v. Wycoff Co., 344 U.S. 237, 243, 73 S.Ct. 236, 240, 97 L.Ed. 291 (1952)), and, more particularly, that "a federal district court should, in the exercise of discretion, decline to exercise [diversity] jurisdiction over a [declaratory judgment] action raising issues of state law when those same issues are being presented contemporaneously in state courts" (Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968), reaffirming on this point Brillhart v. Excess Ins. Co., 316 U.S. 491, 494-495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)).
 
 
 3
 At the time the court below acted, the only proceeding in the Surrogate's Court was appellee's application to sell the decedent's cooperative apartment in New York. Appellant opposed that request on the double ground that she was the decedent's widow and also that, during his lifetime, he had given her the apartment. She asked that the application be denied "without prejudice to renewal after determination of the rights of this respondent [appellant] to said property as herein set forth." No determination had been made on this application when the complaint was dismissed below.
 
 
 4
 The main thrust of the appeal is that this state court proceeding should not be, and could not properly have been, the basis for a discretionary denial of declaratory relief since the issue of appellant's status as wife and widow was not necessarily involved in that proceeding -it was entirely possible that the application to sell the apartment could be wholly determined on appellant's alternative claim that she was the donee of the property, without ever reaching her claim as widow. Cf. Beach v. Rome Trust Co., 269 F.2d 367, 373-374 (C.A. 2, 1959).
 
 
 5
 However, we do not have to resolve the close issue of whether, when it acted, the District Court had adequate reason to withhold its hand in favor of the Surrogate's Court. The additional state proceedings since the dismissal below convince us that it would now be a serious mistake to allow this competing action to continue. Very shortly after the District Court's decision, appellant specifically moved the Surrogate's Court to determine her status, and that of the rival claimants, as distributees of the estate. That court entertained this request but denied her demand for a jury trial (Matter of Fay, 70 Misc.2d 51, 332 N.Y.S.2d 322 (1972)). This ruling was affirmed by the Appellate Division in an order of February 22, 1973. 41 A.D.2d 703, 340 N.Y.S.2d 861. The issue of appellant's status as wife and widow is therefore about to be tried (if it has not already been) and determined in the Surrogate's Court.[1]
 
 
 6
 It is appropriate for us to take account of these postjudgment happenings and to place our decision on the propriety as of the present time of entertaining this declaratory judgment action. With respect to discretion under the Declaratory Judgment Act, as distinguished from other discretionary rulings, this court has held that the appellate court should exercise its own judgment and may substitute its own judgment for that of the lower court. Broadview Chemical Corp. v. Loctite Corp., 417 F.2d 998, 1000 (C.A. 2), cert. denied, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970). In addition, in another instance of review of the exercise of discretion by the district court we have stated that "[s]ince our decision has to be forward-looking, determining the cast of the proceedings from now on, we must take account of this new situation, just as we would if we were considering an injunction for the future." Korn v. Franchard Corp., 456 F.2d 1206, 1208 (C.A. 2, 1972).
 
 
 7
 With matters as they now stand, it is indisputable that the controversy over appellant's rights as a distributee "can better be settled in the proceeding pending in the state court." Brillhart v. Excess Ins. Co., supra, 316 U.S. at 495, 62 S.Ct. at 1176. The questions are not federal; preparations to determine them have gone forward in the Surrogate's Court; the trial is even now impending there, if it has not already been held; the state tribunal has jurisdiction of the rival claimants, non-resident aliens who have participated in those proceedings, while the federal court does not. In this situation it would obviously be "uneconomical as well as vexatious" for the federal court to proceed in this declaratory judgment suit raising precisely the same issue which will necessarily be decided by the Surrogate's Court. Brillhart v. Excess Ins. Co., supra, 316 U.S. at 495, 62 S.Ct. 1173; Abbott Laboratories v. Gardner, 387 U.S. 136, 155, 87 S. Ct. 1507, 18 L.Ed.2d 681 (1967); J. Moore, Federal Practice p57.08.[2]
 
 
 8
 Perhaps the district court could have stayed its proceedings to await the state determination, rather than dismiss outright (cf. Stansbury v. Koss, 10 F.Supp. 477, 479-481 (S.D.N. Y.1931)), but in the current circumstances there would be no point to such an order. If it turns out unexpectedly that the plaintiff cannot get a reasonably prompt determination by the state courts of her status as widow, she can file again for a declaratory judgment. There would be no problem of limitations or of res judicata.[3]
 
 
 9
 Affirmed.
 
 
 
 *
 Of the United States Court of Claims, sitting by designation
 
 
 [1]
 We are told that the trial has been adjourned to April 30, 1973, and that depositions of appellant and six of her witnesses have been taken in the state proceeding
 
 
 [2]
 Appellant cites several decisions sustaining the jurisdiction of district courts to consider decedent's estate problems which are not required by state law to be tried in probate courts, and will not interfere with that court's control of the res. E. g., Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909); McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1960); Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 192-193, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); Lamberg v. Callahan, 455 F.2d 1213 (C.A.2, 1972). These cases did not involve the separate issue of the discretion of a district court, having jurisdiction over the parties and subject matter, to decline to entertain the particular declaratory judgment action. The declaratory judgment opinions on which appellant also leans all concerned situations in which there was no pending state court proceeding which would determine all the issues tendered in the federal suit. See Telechron v. Parissi, 197 F.2d 757, 762 (C.A.2, 1952) (all claims then on trial together, and state court could not deal with patent claims intimately related to non-patent claims); Beach v. Rome Trust Co., 269 F.2d 367, 370, 371, 373-374 (C.A.2, 1959) (state court proceeding not yet instituted on issues involved in declaratory federal suit, and no showing that subsequently begun state proceeding would decide issues raised in federal case)
 
 
 [3]
 There may possibly be a question whether a suit of this type in a district court against the Public Administrator, not raising any constitutional issue, is barred by the Eleventh Amendment. Cf. Knight v. State of New York, 443 F.2d 415 (C.A. 2, 1971). In all probability, the answer would be negative since the New York legislation treats the Public Administrator as an arm of the City of New York, and it is settled that a "suit against a county, a municipality, or other lesser governmental unit is not regarded as a suit against a state within the meaning of the Eleventh Amendment." H. M. Hart & H. Wechler, The Federal Courts and the Federal System 690 (2d ed. P. Bator et al. 1973). The New York Surrogate Court's Procedure Act, section 1110 (McKinney's Consol.Laws, c. 59a, 1967), provides that the "city of New York shall be answerable for the faithful execution by the public administrator of all the duties of his office * * *", and also that any person aggrieved by an act of the Public Administrator "shall have each and every remedy against the city of New York as would be available against a fiduciary in like case and may initiate in the surrogate's court having jurisdiction a proceeding for the enforcement of his claim or right and shall serve process thereon on the comptroller of the city. The public administrator then in office shall be a necessary party in such proceeding." It is unclear whether this provision allows suit against the city (and the Public Administrator) in any appropriate forum, merely specifying a suit in surrogate's court as one of "each and every remedy", or whether the latter was intended as the exclusive method. In any event, since an agent of the city (not the state) is involved, even the second construction would probably not exclude an action in federal court. See Markham v. City of Newport News, 292 F.2d 711, 717 (C.A.4, 1961); Hart & Wechler, supra, 690. However, we need not definitely decide these questions; in view of our affirmance of the dismissal of the action, it is unnecessary to reach the Eleventh Amendment which, if it were applicable, would also lead to dismissal. Cf. Brooks v. Dewar, 313 U.S. 354, 359-360, 61 S.Ct. 979, 85 L.Ed. 1399 (1941)