■ MARTIN OPERATING CORPORATION, Petitioner, v GARY HERTZAN, as Administrator of the Estate of MARK HERTZAN, Deceased, et al., Respondents. — Application pursuant to CPLR 5704 (subd [a]) to review a decision of the Delaware County

Surrogate's Court which denied an ex parte application for an order to show cause to commence a proceeding wherein petitioner seeks to recover possession of certain premises together with rent owing and due. Application granted. Petitioner filed a petition with the clerk of the Surrogate's Court of Delaware County seeking to recover possession of certain premises in the City of New York and the Surrogate refused to issue process on said petition. Thereafter, petitioner submitted a proposed order to show cause to the Surrogate's Court seeking to commence a proceeding to recover possession of the premises in question and rent due and owing. The Surrogate refused to sign the order to show cause and the present application was made in this court pursuant to CPLR 5704 (subd [a]) to review such denial. The Court of Appeals has recently indicated that unless it is abundantly clear that the matter in controversy in no way affects the affairs of the decedent or the administration of his estate, the Surrogate's Court should not decline jurisdiction (*Matter of Piccione,* 57 NY2d 278). Based upon our review of the papers on the present application, we are of the opinion that it cannot be said at the present stage that it is abundantly clear that the matter in controversy in no way affects the affairs of the decedent or the administration of his estate. While such a showing may be made at some later stage of the proceeding, we conclude that in the present posture the order to show cause should have been signed and the proceeding commenced. Accordingly, the matter is remitted to Delaware County Surrogate's Court for the issuance of an order to show cause authorizing commencement of this proceeding by such service as Surrogate's Court deems appropriate. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.