■ PETER SIMS, as Trustee of SAMUEL A. GADSBY, Deceased, Respondent, v DAVID MANLEY et al., Appellants.—Order, Surrogate's Court, New York County (Marie M. Lambert, S.), entered January 22, 1985, granting petitioner's motion to transfer two summary proceedings pending in the Civil Court, New York County, to the Surrogate's Court and to consolidate said proceedings with a proceeding for the discovery of assets pending in the Surrogate's Court, reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, the motion denied and the two summary proceedings returned to the Civil Court.

One of the two Civil Court proceedings at issue, a nonpayment proceeding, was commenced on or about August 9, 1984 by the trustee of the estate of Samuel A. Gadsby, who died in 1970 owning various pieces of residential property in Harlem. The estate has continued as landlord of these properties ever since. The petition alleged a failure to pay rent in the sum of $200 per month since March 1983. The tenant interposed a general denial and also asserted, *inter alia,* the defense of breach of warranty of habitability. A Housing Court Judge ruled preliminarily that he would not consider claims for rent prior to April 1984 because of the estate's failure to register the premises with the Rent Stabilization Association. After the estate expressed dissatisfaction with the ruling and a desire to transfer the matter to the Surrogate's Court, where a proceeding for the discovery of assets was pending, the proceeding was marked "off-calendar", on consent, pending a determination by the Surrogate's Court as to whether it would grant the estate's application for transfer.

In the other matter a tenant commenced a "Housing Part" proceeding, pursuant to Rules of the Civil Court of the City of New York § 2900.35 (22 NYCRR), against the estate to correct certain violations. When the estate defaulted on the return date, the Housing Court Judge issued an order requiring the removal of the class A and B building code violations within

30 days. The estate's motion to vacate its default was granted on condition that, within 60 days, it commence a nonpayment proceeding, in which the tenant could assert as a defense the landlord's breach of the warranty of habitability and request an appropriate rent abatement. The estate never commenced such a proceeding. Instead, it sought to transfer this and another "Housing Part" proceeding, as well as three nonpayment proceedings, including the matter already noted, to the Surrogate's Court under the guise of necessity in order to preserve the assets of the estate and to manage its administration. The Surrogate granted the motions and ordered the transfer of the summary proceedings. We reverse with respect to the two matters appealed and remand them to the Civil Court.

"[T]he history of the Surrogate's Court during the twentieth century is one of steadily expanding jurisdiction [citations omitted]." *(Matter of Piccione,* 57 NY2d 278, 287.) While there is no question that the transferred proceedings are cognizable in the Surrogate's Court (NY Const, art VI, § 12; SCPA 201, 202), we reject the notion that the Court of Appeals intended that the Surrogate's Court assume jurisdiction in every landlord-tenant case involving an estate, no matter how tenuous the connection. Thus, we believe that it was an improvident exercise of discretion to transfer the two garden-variety summary proceedings at issue to that court. As the estate made eminently clear in its moving papers, its primary motivation in seeking transfer of the nonpayment proceeding was to avoid the registration rule contained in Rules of the Civil Court of the City of New York § 2900.21 (e) (2). Rather than proceed in the Civil Court, the estate sought transfer in the hope of obtaining a more favorable result. This is not an appropriate consideration in determining whether a case should be transferred from one forum to another. Finally, we believe that the Housing Court is the more appropriate forum for resolution of the "Housing Part" proceeding. Concur—Sandler, J. P., Sullivan and Rosenberger, JJ.

Fein and Kassal, JJ., dissent in a memorandum by Fein, J., as follows: I would affirm the order of the Surrogate granting petitioner's motion to transfer the summary proceedings pending in the Civil Court, New York County, to the Surrogate's Court, and to consolidate said proceedings with a proceeding for the discovery of assets pending in the Surrogate's Court.

Plainly, there was no abuse of discretion. Whatever the history of the proceedings in the Housing Court, there was a

point at which it was agreed not to go forward in the Housing Court pending a determination by the Surrogate's Court as to whether it would grant the estate's application for a transfer.

In 1971 the will of Dr. Samuel A. Gadsby was admitted to probate in Surrogate's Court, New York County. The will had established trusts funded in large part by real property in New York County. The decedent's widow was a beneficiary of 50% of the income. Certain nieces were beneficiaries of the remainder.

The designated trustee, having qualified, became incapacitated in 1981. Between that time and the appointment of a successor trustee in 1984, a nephew of the original trustee, allegedly acting without authority, began to administer the residential premises located at 242 West 132nd Street. By the time petitioner Peter Sims was appointed trustee in 1984, the property had fallen into disrepair. The Housing Court proceedings, transferred to the Surrogate's Court, involve claims not only that the tenant Manley's occupancy was illegal, but that he had without authority taken over management of the property and collected the rents. Although there are the usual landlord and tenant issues, including habitability, the alleged failure to make repairs and the obligation to pay rent, there is a question of authority to control and manage the trust property. Plainly these matters involve the estate of the decedent and the trusts set up under his will.

As the majority notes, the Court of Appeals, in *Matter of Piccione* (57 NY2d 278, 287), stated with approval that "the history of the Surrogate's Court during the twentieth century is one of steadily expanding jurisdiction". It is notable that in that case the Court of Appeals ruled that the Surrogate's Court had jurisdiction in a proceeding to order commercial tenants to "vacate and surrender" premises owned by an estate, in order to facilitate the executors' sale of the premises to a third party. The Court of Appeals ruled that since the proceeds of the sale would ultimately be distributed pursuant to the Surrogate's orders, the proceeding affected the affairs of the decedent and the administration of the estate. It was held that the omission of the Surrogate's Court as a forum for the disposition of summary proceedings in RPAPL 701 was of no consequence. As the *Piccione* court noted, a transfer such as the majority directs would result in "the fragmentation of the treatment of the affairs of a decedent's estate" (57 NY2d, at pp 290-291).

As the majority concedes, jurisdiction in the Surrogate's Court is conferred by NY Constitution, article VI, § 12 (d) and SCPA 201 and 202. The majority states that it rejects the conclusion that the Court of Appeals, in *Piccione (supra)*, intended that the Surrogate's Court assume jurisdiction in every landlord-tenant case involving an estate, no matter how tenuous the connection. We need not adopt that conclusion. It is sufficient to note that in *Piccione* the summary proceeding had been dismissed by the District Court because the notice of termination was found to be defective prior to the commencement of the Surrogate's Court's proceedings. This is not unlike our case.

It is notable that the Court of Appeals in *Piccione (supra)* cited with approval *Matter of Young* (80 Misc 2d 937, 939), which had relied upon a practice commentary to the effect that " 'for the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the matter in controversy in no way affects the affairs of a decedent or the administration of his estate' ". That commentary, in its revised version (25 Carmody-Wait 2d, NY Prac § 149:63), now cites "the recognized policy of the judicial system of New York that litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court were the Surrogate's Court has jurisdiction to afford complete relief and where the Surrogate's Court consents to accept the matter." To the same effect is *Matter of Raymond v Davis* (248 NY 67, 72).

The motivation of petitioner in transferring the case is not germane. The issues to be determined by the Surrogate, concerning the possession of the premises and the rent due and owing thereon, plainly involve the estate and its assets, indeed its sole assets. Such determination was clearly within the Surrogate's discretion.

It has recently been held that the refusal of the Surrogate's Court to grant an ex parte application for an order to show cause to commence a proceeding, wherein petitioner sought to recover possession of certain premises together with rent owing and due, was an abuse of discretion *(Martin Operating Corp. v Hertzan,* 106 AD2d 784, 785, citing *Matter of Piccione, supra):* "Based upon our review of the papers on the present application * * * it cannot be said at the present stage that it is abundantly clear that the matter in controversy in no way affects the affairs of the decedent or the administration of his estate." The Third Department directed the Delaware County Surrogate to issue an order to show cause authorizing com-

mencement of proceedings to recover possession of the premises and rent due. Similar are *Matter of Rungo* (74 Misc 2d 239, 241) and *Matter of Goldstein* (79 Misc 2d 4), holding that a discovery proceeding under SCPA 2103 appropriately encompasses discovery and collection of the rents and profits of real property, which is the issue here involved.

There was no abuse of discretion by the Surrogate.