OPINION OF THE COURT
Lee L. Holzman, J.
In this application petitioners request that the court enter an order directing the administratrix of the estate to show cause why an action pending in the Civil Court of the City of New York, County of Bronx, Housing Part, should not be transferred to this court. The application is supported by the affidavit of petitioners’ attorney in which he indicates that the administratrix is seeking to evict the petitioners in summary proceedings instituted in the Civil Court. One of the petitioners is referred to as a creditor of the estate and the other as one of the distributees of the estate. The sole basis for the requested relief is "that said action affects the administration *317 of Jose R. Delgado and for judicial economy, it is prudent to transfer said action to the Surrogate’s Court from the standpoint of the welfare of the estate of Jose R. Delgado.”
It is the general policy of this court to entertain an order to show cause if there is any conceivable basis upon which relief might ultimately be granted and the mere fact that it has been entertained does not prejudice the rights of any other party or unduly burden the judicial system. The court follows such a procedure to give all parties their day in court. However, the instant order to show cause cannot be entertained even under the liberal test applied by this court.
Although this case might fall within the broad language of Matter of Piccione (57 NY2d 278, 287), as " 'relating to the affairs’ ” of a decedent inasmuch as the premises were apparently held in the name of the decedent and one of the parties whose eviction is sought is alleged to be a distributee, it is nevertheless an abuse of discretion to routinely transfer to the Surrogate’s Court summary proceedings pending in the Civil Court (Sims v Manley, 120 AD2d 405). In the absence of a prima facie showing that the issues involved in the Civil Court proceeding are intertwined with significant issues relating to the administration of the estate and that a transfer would result in facilitating rather than delaying the administration of the estate (Matter of Piccione, supra), routinely granting or even entertaining transfer applications would result in the applications being utilized as a tactical ploy to delay the trial of the issues raised in the Civil Court proceedings. Hopefully, it is merely coincidental and not the beginning of a trend that the court has simultaneously rendered a decision in Matter of Sakow (Sur Ct, Bronx County, June 27, 1991, Holzman, S.), denying a similar application. The mere fact that the word "estate” appears in a Civil Court proceeding should not be the catalyst which triggers an application to transfer summary proceedings from the court which was created to adjudicate these issues to the Surrogate’s Court, which was created primarily to adjudicate issues relating to the affairs of decedents.
Here, counsel has not submitted any of the pleadings in connection with the Housing Part action. Although the instant order to show cause was not filed in the court until June 26, 1991, counsel has candidly stated that the proceeding was commenced on May 2, 1991 and is scheduled for trial on June 28, 1991. It is hard to avoid the conclusion that at least one of the reasons for presenting the instant application a mere two *318 days prior to the scheduled June 28, 1991 hearing was to delay that hearing.
Presumably "summary proceedings” are so denominated because they are to be expeditiously tried rather than summarily transferred to another court with the inevitable delay caused by the transfer. Moreover, other than counsel’s conclusory statement that it would be in the best interests of this estate that these issues be tried before this court rather than in the court in which the action is pending, he has not explained why "judicial economy” would be achieved by having a new court familiarize itself with matters which are apparently ready for trial in another court. There is no allegation that the court in which the proceeding is pending lacks jurisdiction to determine the issues or that the issues raised in that proceeding are intertwined with any proceeding which is presently pending before this court.
For all of the above reasons, this decision constitutes the order of the court declining, in the exercise of its discretion, to entertain the order to show cause at this late date (Sims v Manley, supra).