■ 640 BROADWAY RENAISSANCE Co., Appellant, v JOHN EIS-NER et al., Respondents. (And 15 Other Cases Consolidated for Purposes of a Joint Appeal.) [622 NYS2d 262] —Sixteen orders, Supreme Court, New York County (Joan Lobis, J.), entered on or about November 15, 1993, which granted defendants' motions for summary judgment dismissing the complaint, directed the Clerk to enter judgment accordingly, and denied plaintiff's cross-motion for discovery sanctions, leave to amend pleadings and related relief without prejudice to plaintiff's commencing proceedings in Civil Court for prospective rent and on the basis of any claim of illegal subletting, and to seek

discovery in those actions concerning alleged subletting, unanimously affirmed, with one bill of costs.

To collect rent on the subject loft units, plaintiff owner was required to be in compliance with the Loft Law (Multiple Dwelling Law § 285 [1]; § 302 [1] [b]). The plaintiff withdrew its application for a necessary special permit that would have brought the subject building into compliance with the Loft Law, and then never sought to renew the application, despite a Loft Board order. It therefore cannot claim the benefits of 1992 amendments to the statute *(see, Goho Equities v Weiss,* 149 Misc 2d 628, 630), and cannot seek the benefits of the 1992 amendments to the statute retroactively *(Grossman v MKF Realty Corp.,* 203 AD2d 129). As to the prospective claims for rent and illegal subletting and attendant discovery needs, it was not an abuse of discretion for the IAS Court to conclude that Civil Court was the appropriate venue *(see, Sims v Manley,* 120 AD2d 405, *affd* 69 NY2d 912).

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.