*90 OPINION OF THE COURT
Lee L. Holzman, J.
In this accounting proceeding, the objectant, Loeb & Loeb, L. L. P., moves pursuant to CPLR 3211 (a) (2) to dismiss that portion of the petition which requests that the court order the objectant to refund to the estate that portion of the previously paid legal fee that the court now determines to be in excess of a reasonable fee. The objectant contends that the court lacks subject matter jurisdiction over the controversy inasmuch as it involves a dispute between living persons, itself and the decedent’s son Michael. The objectant argues that this is the case because Michael, who is not the fiduciary of the estate, retained the objectant and paid for the legal services from his own funds.
There is no dispute with regard to most of the facts. Although Michael had no plan to be appointed the administrator of the estate, he retained the objectant to perform legal services with regard to a dispute that existed between the decedent’s son Anthony and the decedent’s other children, including himself. A substantial portion of the legal services were rendered in a proceeding instituted by the administratrix of the estate in the Housing Part of the Civil Court of the City of New York to evict Anthony from real property that had been owned by the decedent. When Michael retained the objectant he was told that, due to the fact that the objectant had been rendering • legal services on his behalf in corporate matters since 1989, the objectant would waive its usual requirement that a retainer fee be paid before any services were rendered and that he would be billed periodically for the objectant’s hourly charges. Thereafter, 11 invoices for the legal services performed from January 1994 to July 1995 were periodically submitted to Michael. He paid each of the invoices, totaling $25,810, from his own funds. The largest single invoice that he paid was the penultimate one, dated July 20, 1995, for $6,548.17. The last invoice, dated August 18, 1995, was for $1,432.82.
The estate has reimbursed Michael for the legal fees that he paid to the objectant and contends that the fees paid were excessive. Although Michael does not allege that he ever advised the objectant that he was to be reimbursed by the estate for the legal fees that he was paying, the administratrix of the estate and Michael both assert that it should have been obvious to the objectant that the estate was ultimately going to reimburse Michael for these services. They argue that this is the *91 case because the objectant’s time charges reflect many conversations with the administratrix and because the objectant instituted proceedings on behalf of the administratrix, including the petition for letters of administration and the eviction proceeding.
The Surrogate’s Court is a specialized court of limited jurisdiction, dealing primarily with proceedings relating to the affairs of decedents (NY Const, art VI, § 12 [d]; Matter of Obregon, 91 NY2d 591). However, if the proceeding falls within its area of specialization, the court has broad jurisdiction to resolve all of the issues raised (Matter of Piccione, 57 NY2d 278; SCPA 209). Thus, the court has the power to determine the value of legal services rendered on behalf of the estate and to direct counsel to refund any portion of the fee that is found to exceed reasonable compensation, including those instances where the fiduciary of the estate has voluntarily paid the fee in full and no objection has been interposed by any other party (Matter of Stortecky v Mazzone, 85 NY2d 518). It appears that the rationale for this rule is that, where estate funds have been used to pay counsel, the court is required to determine whether the requested fee is reasonable based upon the benefit conferred upon all of the beneficiaries of the estate, including those who had not retained counsel and whose share of the estate would be reduced by the payment of the fee. The issue of whether the legal fee falls within the realm of being reasonable may depend upon whether the fee is to be paid by the client, individually, who has received a clear explanation of the fee to be incurred, or by the estate, in which event the fee is really being paid by those to whom a fiduciary obligation is owed not only by the client-fiduciary but also, at least to some extent, by counsel. Thus, in Coudert Bros. v de Cuevas (247 AD2d 266, lv dismissed 92 NY2d 845), the Court held that a fiduciary who signs a retainer agreeing to be individually liable for services rendered in connection with the administration of the estate was correctly held liable for the entire legal bill in a Supreme Court proceeding notwithstanding that the Surrogate’s Court had previously determined that a portion of the fee could not be charged to the estate.
By definition, controversies between living persons do not involve the affairs of decedents and, therefore, the Surrogate’s Court does not have subject matter jurisdiction over these controversies (Matter of Lainez, 79 AD2d 78, affd 55 NY2d 657). Furthermore, even though a matter may tangentially relate to the affairs of the decedent, it will not automatically *92 fall within the jurisdiction of the Surrogate’s Court if entertaining the proceeding would unduly hinder the court in carrying out its primary area of specialization (Matter of Delgado, 151 Misc 2d 316).
Here, inasmuch as the agreement was between the objectant and Michael, individually, who was not a fiduciary, the agreement implicitly provided that Michael was individually responsible for the entire fee. The course of conduct followed by the parties, that the invoices were submitted directly to Michael, individually, and that he paid the amount billed from his own funds, reflects that this was the understanding of the parties. The fact that Michael paid each of the 11 invoices in full might raise some question as to whether his dispute with the objectant arose from the instant legal services or from some other matter. In any event, all of the objectant’s dealings with regard to the fee were with Michael, individually, and neither Michael nor the estate should be placed in a different position with regard to the disputed fee because the administratrix, for some reason best known to herself, reimbursed Michael in full from estate funds for a legal fee that she apparently was of the opinion was excessive. Moreover, it cannot even be argued that this court is uniquely suited to determine the value of the legal services rendered by the objectant because most of these services were not rendered in a proceeding before this court.
In view of the facts that the retainer agreement was between the objectant and Michael, individually, that Michael paid for all of the services in full from his own funds, that Michael might be held responsible for the entire fee even though the objectant might not have been able to recover the entire fee from estate funds had the agreement been with the fiduciary of the estate (Coudert Bros. v de Cuevas, supra), and that most of the legal services were related to proceedings litigated in another court involving a dispute between the siblings, the court holds that this legal fee dispute is a controversy between living parties, the objectant and Michael, over which this court lacks subject matter jurisdiction (Matter of Lainez, supra). Accordingly, the objectant’s motion to dismiss for lack of subject matter jurisdiction is granted.