John H. GOODMAN, Plaintiff,

v.

Roger W. GOODMAN, Gwen
Goodman, Defendants.

No. 01–CV–6449L.

United States District Court,
W.D. New York.

May 29, 2002.

Stephen D. Aronson, Canandaigua, NY,
for Plaintiff.

Andrew J. Romanow, Harris Beach,
LLP, Pittsford, NY, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff brought this action seeking to
impose a constructive trust pursuant to
New York Banking Law § 675 over cer-
tain of defendants' bank accounts. Plain-
tiff alleges that funds in these accounts
came from joint accounts that defendant
Roger Goodman had with his grandmoth-
er, Doris E. Goodman, now deceased. The
complaint seeks a declaratory judgment
that these bank accounts do not belong to
defendants but are part of Doris Good-
man's estate, which currently is the sub-
ject of probate proceedings in Surrogate's
Court in Seneca County, New York.

Plaintiff claims here, and in the Surro-
gate Court proceeding, that defendant
Roger Goodman exercised undue influence

over his aged grandmother and caused her to transfer property to him to the exclusion of plaintiff, Doris Goodman's son.

There are three motions currently pending before this Court: 1) defendants' motion to dismiss or stay based on abstention principles, or to dismiss or transfer for improper venue; 2) plaintiff's cross motion for summary judgment; and 3) defendants' cross motion for summary judgment. As discussed below, this Court will abstain from exercising its jurisdiction, and this action is stayed pending resolution of the action now pending in Seneca Surrogate's Court.

■ Under the *Brillhart* abstention doctrine, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), a district court may exercise its discretion not to entertain a declaratory judgment action even though it has jurisdiction to hear the matter. The Second Circuit in *Youell v. Exxon*, 74 F.3d 373, 375–376 (2d Cir.1996), recently described this doctrine:

The *Brillhart* abstention doctrine ... gives the district court broader discretion to determine "whether and when to entertain an action ..., even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 115 S.Ct. at 2140. Hence, under *Brillhart*, the question for a district court presented with a declaratory judgment suit, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173). Although Brillhart did not exhaustively catalog the factors governing a district court's exercise of its discretion to hear a declaratory judgment suit, "it did provide some useful guidance in that re-

gard." *Id.* For example, in determining whether the claims before it "can better be settled' in the state proceedings, the district court should examine the scope of the parallel state litigation and the nature of the defenses available there." *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173. It should also consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that [state] proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.*

■ The Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), articulated several factors to be considered in the application of *Brillhart* abstention. A review of these factors suggests that abstention is appropriate here.

One of the factors that a federal court should consider in deciding whether to abstain is the nature and scope of the pending state court proceeding. The Court should determine "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." 515 U.S. at 283, 115 S.Ct. 2137 (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173). The Seneca Surrogate's Court now has proceedings pending concerning the estate of Doris Goodman. Plaintiff has filed objections to probate in that court alleging that defendant Roger Goodman exerted undue influence on the decedent. Plaintiff also advised the Surrogate's Court that he would be seeking the entire balances of all joint accounts pursuant to section 675 of the Banking Law of the State of New York. *See* John H. Goodman Objections to Probate, Docket No. 6, Ex. B.

It is clear that the Surrogate's Court, a court with broad jurisdiction to resolve the rights of decedents, has jurisdiction to hear this claim. *See* N.Y. Const., Art 6,

§ 12(d); *In re Estate of Dicosimo*, 180 Misc.2d 89, 687 N.Y.S.2d 592, 593 (N.Y.Sur.1999) ("if the proceeding falls within its area of specialization, the [Surrogate's Court] has broad jurisdiction to resolve all of the issues raised.") (citing *Matter of Piccione's Estate*, 57 N.Y.2d 278, 456 N.Y.S.2d 669, 442 N.E.2d 1180 (N.Y.1982)); *see also Matter of Antoinette*, 291 A.D.2d 733, 738 N.Y.S.2d 452 (3rd Dept.2002) (demonstrating that Surrogate's Courts entertain questions under Banking Law § 675); *Matter of Stalter*, 270 A.D.2d 594, 703 N.Y.S.2d 600 (3rd Dept.2000) (same). Questions concerning the accounts challenged here have already been presented to that court. Moreover, in considering the objections to probate, that court will adjudicate the question of Roger Goodman's influence over the decedent.

The Court should also consider "whether necessary parties have been joined" and "whether such parties are amenable to process in that proceeding." 515 U.S. at 283, 115 S.Ct. 2137 (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173). Although Gwen Goodman does not appear to be a party to the Surrogate's Court proceeding, the plaintiff has not argued that the Surrogate's Court could not exercise jurisdiction over the accounts in question. Roger Goodman is before the Surrogate's Court because he is named as Executor of Doris Goodman's will.

This case is similar to *Fay v. Fitzgerald*, 478 F.2d 181 (2d Cir.1973), where the Second Circuit applied *Brillhart* to an action which sought to determine plaintiff's rights to an estate while a separate action was pending in the Surrogate's Court. In *Fay*, the Court found that federal courts may properly abstain from exercising jurisdiction where: "The questions are not federal; preparations to determine them have gone forward in the Surrogate's Court; the trial is even now impending there . . . ;

the state tribunal has jurisdiction of the rival claimants . . . while the federal court does not." *Id.* at 183. As was the case in *Fay*, the legal questions here are not federal in nature. The action in the Surrogate's Court is well underway, and that court can exercise jurisdiction over the defendants named here. It would be " 'uneconomical as well as vexatious' for the federal court to proceed in this declaratory judgment suit raising precisely the same issue which will necessarily be decided by the Surrogate's Court." *Fay*, 478 F.2d at 183; *see also see also Matter of Thomas and Agnes Carvel Foundation*, 36 F.Supp.2d 144, 152–154 (S.D.N.Y.1999) (Applying *Brillhart* and *Fay*, and determining that Surrogate's Court best suited to resolve claims to the estate).

Because the Court has abstained from exercising its jurisdiction here, it will not consider the parties' motions for summary judgment.

## CONCLUSION

Defendants' motion to dismiss or to transfer (Dkt. # 4) is granted in part and denied in part. Plaintiff's cross motion for summary judgment (Dkt. # 10) and defendants' cross motion for summary judgment (Dkt. # 15) are denied. The Court will stay this action pending the outcome of the proceedings in Surrogate's Court. The parties are directed to inform this court in writing of the resolution of those proceeding, within 10 days of the conclusion of that action.

IT IS SO ORDERED.